The opinion of the Court was delivered by
, Tilghman, C. J.
The land in dispute in this ejectment, (between sixty and seventy acres) is part of a tract possessed by George M-llvaine, deceased, who was the grandfather of the plaintiffs, and the father of the defendant. George Milvaine made his will in the year 1748, and devised the whole tract to his son Andrew, father of the plaintiffs. Although George M'-Ilvaine died possessed of this land, it does not appear that he had any other title than by improvement; but his son and devisee, Andrew, took out a warrant dated 12th November, 1748, including the improvement; interest to commence 1st March, 1745. There was no positive evidence n , . . , 7 7i. oi any survey having been returned, or even made, on this warrant. But the plaintiffs gave in evidence a receipt from She Receiver General to Andrew M'-Ilvaine, for 10/., part of the purchase money, and a receipt dated 24th March, 1749, from George Smith, D. S. to the said Andrew, for forty shil *560 lings and two pence, his fees for surveying a tract of land adjoining William Walker, which the plaintiffs contended was . the tract in question. On the 23d November, 1764, Andrew ' M-Ilvaine executed a deed poll to his brother Joseph, the defendant, whereby he conveyed to him, by the following words: “ all my right, title, and property of a certain quantity of that parcel or tract of land which I now possess and live on, situate on the north side of Conodoguinit, in the township aforesaid, bounded on the west by the land of Samuel Morrow, from thence extending down the creek to a certain white oak near said creek, and across by a straight line to the other side line of the said place, adjoining James M’GujJy” On the 31st October, 1767, Joseph M*Ilvaine, the defendant, entered an application in the land office for three hundred acres, including his improvement made in the year 1765, and on this application a survey was made by Matthew Henderson, 12th October, 1768. On the 13th August, 1789, Andrexv MiIlvaine entered a caveat against the issuing of a patent on his brother Joseph’s application. Evidence was given of a parol partition between the two brothers, CAndrew and Joseph,) prior to the entry of the caveat, and of possession by the defendant, according to that partition, ever since. But whether that partition was according to the boundaries in the deed from Andrew to Joseph, was a point much contested before the jury. Andrew Málvame, father ofthe plaintiffs, died in the year 1793, leaving several children, the eldest of whom was then but eight years old. In the year 1787, Joseph M‘Ilvaine had the deed from his brother Andrew to himself recorded.
The counsel for the plaintiffs prayed the Court below to deliver their opinion to the jury upon four points:
1st. That there was sufficient evidence for the jury to presume that a survey had been made on Andrew MNlvaine’s warrant. To this the Court answered, that, in their opinion, there was not sufficient evidence to presume a survey. The plaintiffs’ counsel, in this Court, has complained of the Court below, for giving an opinion on a point which ought to have been submitted to the jury. But it is not for the plaintiffs first to ask a question, and then complain that it was answered. If the presumption of a survey was matter of fact, as the plaintiffs now contend, it was improper to ask the Court’s opinion on it; and even if the Court below were mistaken in *561 their opinion on a fact, it cannot be- assigned as an error in law. 'This Court cannot inquire into the fact, and, therefore, cannot know whether the Court below were mistaken or not. . But if, on the other hand, the-presumption of a survey were to be considered as matter of law, I do not perceive that the opinion of the Court below was erroneous; for there does not appear on the record, any evidence of the return of survey being lost, if it ever was made ; nor any evidence of marked trees answering to the age of such a survey. What the plaintiff relied on was, theireceipt of the deputy surveyor, for surveying fees ; but that receipt does not clearly designate th'e land in question ; it describes the land surveyed as adjoining William Walker, but it was not proved, that any person of the name of William Walker was the owner of land adjoining the tract in dispute. ’ So that the evidence was by • no means strong enough for the Court to direct the jury, that they were bound, in point of law, to presume a survey on Andrew M'-Ilvaine’s warrant.
2d. The Court were asked to direct the jury, that the application entered by Joseph MlIlvaine, was fraudulent. This they refused to do, but submitted it to the jury. In so doing, the Court acted with great propriety. It was by no means certain, that Joseph acted fraudulently. He might have entered an application for the whole tract, with a view to obtain a survey, because no survey had been made before. And it might have been his intention, after the survey should be made, and.patent obtained, to confirm the title of his brother Andrew, according to the partition agreed on between them.
3d. The Court were requested to instruct the jury, that when Joseph M'-llvaine put his brother Andretti’s deed to him on record, in the year 1787, he thereby virtually .relinquished all title except that which was derived from the deed. But the Court were of opinion, that the recording of the deed was not, ipso facto, a relinquishment of all other title ; and this opinion was unquestionably correct. The recording of the .deed gave it nó more efficacy, between the brothers, than it had before. The only operation of recording was upon persons, not parties, to the deed, who were bound to take notice of it after it was put on record. Whether Joseph had shewn any other title than that derived under the deed, was another question; but if he had, it would remain good, the recording of Andrew’s deed notwithstanding.
*562 4th. The defendant had given evidence of a marked hickory tree, which he set up as one of his boundaries. The plain-» tiffs’ counsel contended, that the defendant fraudulently procured this tree to be marked as a boundary, and prayed the Court to direct the jury, that if there was a fraud, it would vitiate the title of the defendant. On this point, the Court charged thejury in favour of the plaintiffs, and, therefore, they have no cause for complaint.
Upon the whole, I am of opinion, that there is no error, and, therefore, the judgment should be affirmed.
Judgment affirmed.