The opinion of the court, (Tilghman, C. J. taking no part in the judgment, having been sick and absent at the time of the argument,) was delivered by - ■
Gibson, J.
It is a fair construction of the articles to limit the power to rescind by the act of one party, to the vendor alone. It surely never was intended to permit the vendees to defeat the ob *16 ject of the bargain, by omitting to do the very thing which they had covenanted to do. On the contrary,' it is evident from the scope of the contract, that the provision for rescinding was introduced for the exclusive benefit of the vendor, in ease the vendees should be unable tof carry the contract into effect. And the power was to be exercised only before payment of any part of the purchase money. We cannot suppose the parties had in view to permit the vendor to put an end to the purchase after it should be completed .by payment of all but the last shilling; yet, to this extent might the power be carried, if the exercise of it were- permitted under any circumstances beyond the point which I have indicated. The covenant to restore the possession, in case the purchase should not be completed, is altogether consistent with this construction, for by the terms of the agreement the vendees were to go into possession before the time appointed for payment of any part of the purchase money. But, notwithstanding that the time for rescinding by the act of one of the parties had gone by, the contract might, without any provision for it in the articles, undoubtedly be dissolved by the agreement of bqth; and in that event a right to have the purchase money rescinded in the absence, of a stipulation to retain it, would result-as much of course, as if the contract were dissolved by one of the parties, under a power specially reserved. As no stipulation for retention was pretended, the true question, therefore, was, whether the contract still existed. The vendees, after having paid part of the purchase money, had suffered losses which induced them to abandon their business and remove from the part of the country in which' the premises are situated, and the vendor quietly resumed the possession which was found to be vacant, but did no act which can be considered as inconsistent witli a continuance of the equitable ownership of the vendees. Taking possession is, at most, but an equivocal act; and the burden of proving it to the satisfaction of the jury, to have been done with an intent to rescind, lay on the plaintiffs, without which they would not make out a case. Even a recovery in ejectment for non payment of the purchase money, has been considered as not necessarily dissolving the contract. Youst v. Martin, 3 Serg. & Rawle, 423. The court, therefore, were right in their conclusion that the plaintiffs had failed. But it is now contended that the inlént with which the possession was resumed, ought to have been left to the jury. Had the counsel treated the intent of the vendor as matter of fact in the court below, there would be much force in his objection; but the decision of the point was submitted by him as matter of law; and in that aspect it was, undoubtedly, rightly decided. He prayed the court to direct the jury that if the vendor took possession, after a failure by the vendees to pay the purchase money, he had embraced the remedy provided for him; and that the contract was ipso facto rescinded. In this he was undoubtedly wrong, the act of taking possession being, as *17 I have said, equivocal. And if he had thought that the actual intent of the vendor could be called in aid of his case, it was his business to submit it as a matter of fact to the jury, instead of which, he submitted it as matter of law to the court; and’ it was held in M‘Ilvaine v. M‘Ilvaine, 6 Serg. & Rawle, 559, that if a counsel ask a question of the court, which is answered against him, he cannot assign for error, that the court charged on matter of fact. The assignment of error, therefore, is not sustained.
Judgment affirmed.